# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ANISHIA ETIENNE, individually and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br><br><br>            -against-<br><br><br><br>CBSi COLLECTION SERVICES and JOHN DOES 1-25,<br><br>             Defendants. | Civil Case Number:<br><br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff ANISHIA ETIENNE (hereinafter, "Plaintiff"), a Louisiana resident, brings this class action complaint by and through her attorneys, Marcus & Zelman, LLC and McCarty and Raburn, A Consumer Law Firm, PLLC, against Defendant CBSi COLLECTION SERVICES and JOHN DOES 1-25 (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C.

§§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

3. The rights and obligations established by section 15 U.S.C. § 1692g were considered by the Senate at the time of passage of the FDCPA to be a "significant feature" of the Act. See *S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.*

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

6. Plaintiff brings this class action on behalf of a class of Louisiana consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

7. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in false, deceptive or misleading practices.

8. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

9. Plaintiff is a natural person and a resident of the State of Louisiana, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

10. Defendant CBSi Collection Services is a collection agency with its principal office located at 550 Greensboro Avenue, Tuscaloosa, Alabama 35401.

11. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

12. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

13. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## ALLEGATIONS OF FACT

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

15. Some time prior to January 11, 2017, an obligation was allegedly incurred to Neighbors Federal Credit Union.

16. The Neighbors Federal Credit Union obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The alleged Neighbors Federal Credit Union obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

3

18. Neighbors Federal Credit Union is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

19. Defendant contends that the Neighbors Federal Credit Union debt is past due.

20. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

21. Neighbors Federal Credit Union directly or through an intermediary contracted the Defendant to collect the alleged debt.

22. On or about January 11, 2017, the Defendant caused to be delivered to the Plaintiff a collection letter in an attempt to collect the alleged Neighbors Federal Credit Union debt. *See* **Exhibit A.**

23. Upon information and belief, the January 11, 2017 letter was the first communication between the Defendant and Plaintiff regarding the Neighbors Federal Credit Union debt.

24. The January 11, 2017 letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

25. The January 11, 2017 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

26. The Plaintiff received and read the Letter sometime after January 11, 2017.

27. The Letter stated in part:

> "Amount Due: $91.00"

28. The Letter further stated:

> "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid.  If you notify this office within 30 days from receiving this notice, this

office will:  obtain verification of the debt or obtain a copy of a judgment and mail

you a copy of such verification or judgment.  If you request this office in writing

within 30 days after receiving this notice this office will provide you with the name

and address of the original creditor, if different from the current creditor".

29. Absent from the above phrase was any mention that the dispute had to be in writing.

30. Pursuant to 15 U.S.C. §1692g(a)(4) a debt collector must within five days after the initial

communication, send the consumer a written notice containing a statement that if the

consumer notifies the debt collector *in writing* within the thirty day period that the debt, or

any portion thereof, is disputed, the debt collector will obtain verification of the debt or a

copy of a judgment against the consumer and a copy of such verification or judgement will

be mailed to the consumer by the debt collector. (Emphasis added).

31. Courts have consistently held that omitting the words "in writing" on a validation notice is

a violation of 1692g(a), as it does not effectively convey to the consumer his or her rights

under the FDCPA. See  *Mccabe v. Crawford & Company et al.*, 272 F. Supp 2d 736 (ND

Illinios July 08, 2003) and *Bartlett v. Heibl,* 128 F.3d 497, 499 (7th Cir.1997) (stating that

certain information required by the Act must be contained in the validation notice and that

the information must not be conveyed in a confusing manner).

32. The Defendant's failure to notify the Plaintiff that any dispute must be in writing left her,

as would leave any least sophisticated consumer, into believing she could dispute the debt

over the phone, provided it was within the 30-day period.

33. Congress adopted the debt validation provisions of section 1692g to guarantee that

consumers would receive adequate notice of their rights under the FDCPA. *Wilson,* 225

F.3d at 354, <u>citing</u> *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th

Cir.1991).

34. Congress further desired to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S.Rep. No. 95–382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699.

35. The rights afforded to consumers under Section 1692g are amongst the most powerful protections provided by the FDCPA.

36. Once a consumer makes proper timely notice of a dispute, the debt collector is required by law to cease collection of the account until verification of the debt is obtained.

37. However, in order to be afforded of that right, the dispute must be *in writing*.

38. By providing an inaccurate validation notice, the Defendant caused the Plaintiff real harm.

## CLASS ALLEGATIONS

39. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class") consisting of: a) All consumers who have an address in the state of Louisiana b) who were sent an initial collection letter from the Defendant c) attempting to collect a consumer debt owed to or allegedly owed to Neighbors Federal Credit Union, d) that states "If you notify this office within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment" (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

40. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect

and/or have purchased debts.

41. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

42. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692e and 1692g.

43. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

44. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

45. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a)  **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

    (b)  **Common Questions Predominate:** Common questions of law and fact exist as to

all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692e and 1692g.

(c)    **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)    **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

46. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class

action is superior to other available methods for the fair and efficient adjudication of the controversy.

47. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

48. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

49. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

50. The Defendant violated 15 U.S.C. §1692e:

    a. By misleading the least sophisticated consumer to believe that he or she can make a legally effective dispute by calling the debt collector, when in fact it must be done in writing;

    b. By making a false representation or deceptive means to collect a debt in violation of 1692e(10).

51. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

52. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

53. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

54. The Defendant violated said provision by failing to accurately convey the validation notice in violation of 1692g(a)(4).

55. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the undersigned, as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)    Awarding pre-judgment interest and post-judgment interest; and

(f)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  October 6, 2017            */s/ _Jonathan F. Raburn_____*

By:  Jonathan F. Raburn, Esq.

MCCARTY & RABURN, A Consumer Law Firm, PLLC
4005 Nicholson Dr. Suite 4610
Baton Rouge, LA 70808
**All Mail to:**
P.O. Box 1448
Cedar Hill, TX 75106
Phone: (225) 412-2777
Email: jonthan@geauxlaw.com


**PRO HAC VICE APPLICATION**
Ari Marcus, Esq.
MARCUS ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Phone: (732) 695-3282
Facsimile: (732) 298-6256
Email: ari@marcuszelman.com
*Attorneys for Plaintiff*


## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

Dated:  October 6, 2017                    */s/ Jonathan F. Raburn*_____

By:     Jonathan F. Raburn, Esq.